¶UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEIDI ESCOLLAR DICHOSO,
Individually and on behalf of all other
Persons similarly situated,

Plaintiff,

v. CASE NO. 6:08-CV-2122-Orl-31 KRS

HYATT CORPORATION, doing business
as Hyatt Regency Grand Cypress,

Defendant.

---

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Heidi Escollar Dichoso, individually and on behalf of all Rule 23 class members, and Defendant Hyatt Corporation have entered into this Settlement Agreement and Release ("Agreement") to settle all issues between them. Except to the extent governed by federal law, this Agreement shall be governed by the statutes and common law of Florida, excluding any that mandate the use of another jurisdiction's laws. The Parties agree as follows:

**A. DEFINITIONS**

1. Action means this action, *Heidi Escollar Dichoso et al. v. Hyatt Corp. d/b/a Hyatt Regency Grand Cypress*, No. 6:08-CV-2122-Orl-31 KRS (filed Dec. 18, 2008).

2. Hyatt or Defendant means Defendant Hyatt Corporation and its former and present parents, subsidiaries, and affiliated entities, and its officers, directors, employees, partners, shareholders, attorneys and agents, and any other successors, assigns, or legal representatives.

3. Claimant means the Named Plaintiff Heidi Escollar Dichoso and any Class Member who files a timely, notarized Claim Form or is treated as having filed this Form, consistent with this Agreement, in this Action.

4. Claim Form(s) means the forms approved by Class Counsel and Defendant, subject to Court approval, which, to recover a portion of the Settlement Payment, each Class Member must complete in full, sign before a notary public, and mail, via first-class U.S. mail, within one (1) year following mailing of the Notice of Settlement.

5. Class Member(s) means: (i) the named Plaintiff Heidi Escollar Dichoso; and (ii) all persons who worked for Defendant in Hyatt Regency Grand Cypress in Orlando, Florida, and had an H-2B visa during the period December 18, 2004, through the date of this Agreement who do not timely opt out of this action.

6. Class Counsel means Gregory S. Schell of Florida Legal Services, which represents Plaintiff and the Class Members.

7. Class Representative, Plaintiff, or Named Plaintiff means Heidi Escollar Dichoso.

8. Court means the United States District Court for the Middle District of Florida, Orlando Division.

9. Covered Period(s) means December 12, 2004, to the date the parties entered into this Agreement.

10. Covered Position(s) means individuals who were employed by Defendant at the Hyatt Regency Grand Cypress in Orlando, Florida, during the Covered Period and worked under an H-2B visa.

11. Final Approval Order means the Court's Order Granting Final Approval of Class Action Settlement.

12. Litigation means this action, Case No 6:08-CV-2122-Orl-31 KRS.

13. Notice of Settlement means the form approved by Class Counsel and Defendant, subject to Court approval, which Class Counsel will mail, via first-class U.S. mail, to each putative Class Member to explain the terms of the settlement and the claims process.

15. Party or Parties means the Class Representative, putative Class Members, and Defendant.

16. Released Person(s) means Hyatt Corporation and Hyatt Corporation as agent of H.E. Grand Cypress, L.L.C., a Delaware limited liability company, d/b/a Hyatt Regency Grand Cypress, all current and former parents, subsidiaries, related companies, partnerships, joint ventures, or other affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under or in concert with any of theses persons or entities, and their successors.

17. Settlement Class means the Class Representative and putative Class Members, but does not include any Class Members who timely opt out of the settlement.

18. Settlement Effective Date means the first day following the last of the following occurrences: (i) the issuance of the Court's Final Approval Order; (ii) if an objection has been made to final approval of the settlement, the date on which the objector's time to appeal the Final Approval Order has expired with no appeal or other judicial review having been taken or sought; or (iii) if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the

date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

19. Settlement Payments mean the individual amounts Defendant will pay in settlement of the claims of Plaintiff and the Class Members, specifically: (i) the amount of $1,000.00 to each Class Member who files a timely, notarized Claim Form and who does not opt out of this Action; and (ii) the amount of $5,000.00 to Plaintiff.

**B. BENEFITS**

1. Settlement Payments. In exchange for the release of claims in Section C, Hyatt will pay each Class Member who files a timely, notarized Claim Form and who does not opt out of this settlement the amount of $1,000.00, within thirty (30) days after the Settlement Effective Date for this Action or, if later, within thirty (30) days after presenting a valid Claim Form for payment. These Settlement Payments include all wages, damages, penalties, liquidated damages, and interest, including settlement-administration costs. These Settlement Payments are in settlement of all claims in the Litigation.

2. Information About Class Members. Defendant has provided to Class Counsel detailed information on all putative Class Members, including but not limited to their names, last known addresses, and dates of employment in a Covered Position. Class Counsel agrees to keep this information confidential, to use it only for the purpose of administering this settlement, and to return it, with all copies, to Defendant after the settlement administration is concluded.

3. Attorneys' Fees and Costs. Hyatt will pay the attorneys' fees, costs, and expenses of Class Counsel Gregory S. Schell at Florida Legal Services, Inc., awarded by the Court to Class Counsel from the Settlement Payment. Class Counsel may apply to the Court for reimbursement of reasonable costs and expenses and for reasonable

attorneys' fees. Defendant will not oppose an application for attorneys' fees and costs in an amount not to exceed $7,500.00. Defendant will pay the attorneys' fees and costs in this amount to Class Counsel within ten (10) days of the later of: (i) an order awarding such fees and costs; or (ii) the Settlement Effective Date.

4. Service Payment to Class Representative. In addition to the Settlement Payment, Defendant will pay the service payment awarded by the Court to the Class Representative. Class Counsel may apply to the Court for an award of a Service Payment to the Class Representative in an amount not to exceed the amount of $5,000.00 for Plaintiff Heidi Dichoso Escollar. This service payment is in settlement of all claims, known or unknown, against Hyatt that Plaintiff may have, including but not limited to the claims against Hyatt in the Litigation. The service payment set forth above will be paid within ten (10) days after the Settlement Effective Date or upon entry of order approving the Service Payments, whichever is later. Defendant will not oppose the motion for service payments.

6. Consent to Class Certification. For settlement purposes only, Defendant consents to certification under Fed. R. Civ. P. 23 of an opt-out class of persons who worked as an H-2B employee for Defendant in a Covered Position at the Hyatt Regency Grand Cypress in Orlando, Florida, during the Covered Period. The Parties agree that certification for settlement purposes is in no way an admission by Defendant that Rule 23 class certification would be proper absent a settlement. For purposes of settling this lawsuit, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Class as defined above have been and are met.

7. Compliance with Applicable Law. With respect to reimbursement of in-bound transportation costs and the costs of obtaining an H-2B visa for work to be performed for Defendant at the Hyatt Regency Grand Cypress in Orlando, Florida,

Defendant agrees to comply with the holding of the Eleventh Circuit Court of Appeals in *Arriaga v. Florida Pacific Farms, LLC, et al.*, 305 F.3d 1228 (11th Cir. 2002) ("*Arriaga*"), to the extent that *Arriaga* is and remains controlling law over such items of costs. If, for any reason, *Arriaga* is overruled, distinguished, or superseded (whether by court ruling, statute, regulatory action, or other appropriate authority) such that *Arriaga* does not constitute controlling law over these items of costs, Defendant will not be bound by this paragraph.

8. Non-Retaliation. Defendant agrees not to discourage, intimidate, threaten, or otherwise dissuade any Class Member from filing a Claim Form in this Action. In addition, Defendant will provide Class Counsel a letter on Company letterhead, signed by a duly authorized representative, stating that Defendant will not retaliate against any Class Members who file a Claim Form and that filing a Claim Form in this Action will have no effect on any Class Member's opportunity for future employment with Defendant. Defendant may, however, refuse to consider or hire a Class Member for reasons unrelated to the Class Member's filing a Claim Form or participating in this settlement.

## C. RELEASE OF CLAIMS

Upon the Settlement Effective Date, each Class Member will be deemed to have released all claims in the Litigation against the Released Persons ("Released Claims"), including but not limited to all claims alleged in the Litigation.

## D. SETTLEMENT ADMINISTRATION

1. Duty of Cooperation. The Parties agree to cooperate in obtaining expeditious preliminary and final approval of this settlement.

2. Notice of Settlement. Within ten (10) business days after the Court preliminarily approves the settlement, a Notice of Settlement will be sent by Class

Counsel to each putative Class Member by first-class U.S. mail, postage prepaid. The Parties will cooperate in drafting and approving this Notice.

3. Claim Forms. Attached to the Notice of Settlement for Class Members will be a Claim Form. This Claim Form will include a statement that, by signing the Form before a notary public, the Claimant affirmatively consents to participate in the class settlement and agrees to release Defendant from all claims asserted in the Litigation.

4. Diligence in Finding Claimants. Class Counsel will act diligently and will take appropriate steps to maximize the probability that the Notice and Claim Form will be received by all Class Members.

5. Applicable Liability Period. The Notice of Settlement and Claim Forms that is mailed to the putative Class Members will list the time period between December 12, 2004, through the date of the Court's preliminary approval of this settlement.

6. Timely Claim Forms. Class Members will have one (1) year from the mailing of the Notice of Settlement to submit a timely, notarized Claim Form or to submit a written request for exclusion or objection. The Claim Forms are required to be notarized to prevent fraud and payment to an improper person. Persons seeking to request exclusion must do so in writing. No Claim Forms will be honored if postmarked late unless the late-filing Claimant establishes good cause. Class Counsel will review the Claim Forms and Releases and certify to Defendant's Counsel what claims were timely filed.

7. Deficient Claim Forms. If a Claim Form or Release is submitted timely, but is deficient in one or more aspects (for example, the Claim Form has been altered or it was not notarized), Class Counsel will return the Claim Form or Release to the Claimant within ten (10) business days of receipt with a letter explaining the deficiencies and stating that the Claimant will have ten (10) business days from the date of the deficiency

notice to correct the deficiencies and resubmit the Claim Form or Release. The envelope containing the resubmitted Claim Form must be postmarked within ten (10) business days of the date on the deficiency notice in order to be considered timely, absent a showing of good cause. If necessary, Claimants will be provided a second deficiency notice to correct any deficiencies concerning resubmitted Claim Forms which will be governed by the same timeliness requirements as the first deficiency notice.

8. Enforcing Deadlines. Class Counsel will enforce the deadlines for Claimants to submit their Claim Forms and for Class Members to affirmatively opt out or not accept the settlement.

9. Information in Claim Forms and Releases. The Claim Forms will set forth the dates worked by Class Members.

10. Challenges by Claimants. Claimants will have an opportunity to challenge Defendant's characterization of the position they held or the dates on which they were employed in a Covered Position, as identified on the Notice of Settlement form, by submitting a written challenge along with their signed Claim Form and any supporting documentation to Class Counsel within the time period provided for submitting the Claim Form. Any challenges to the position held or the dates worked in a Covered Position must be supported by documentary evidence. Class Counsel will reject any challenge not supported by such evidence. Timely challenges submitted with documenting evidence will be resolved without hearing after consultation between Class Counsel and defense counsel. Defendant's records will be presumed to be determinative.

11. Opt-Out Procedures. Claimants seeking to exclude themselves from the settlement must provide their name, the dates and locations where they worked for Defendant in a Covered Position, and must sign, before a notary public, a statement pm the Claim Form, which states "I understand that I am requesting to be excluded from the

class monetary Settlement and that I will receive no money from the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case."

12. Rescinding Decision to Opt Out. Class Members will be permitted to withdraw or rescind their opt-out statements by submitting a "rescission of opt-out statement" to Class Counsel, which will include the following language: "I previously submitted an opt-out statement seeking exclusion from the settlement. I have reconsidered and wish to withdraw my opt-out statement. I understand that by rescinding my opt-out statement, I may be eligible to receive an award from the settlement and may not bring a separate legal action against Defendant with respect to any Released Claims." A Class Member wishing to submit a rescission statement will sign it before a notary public and date the statement and deliver it to Class Counsel no later than sixty (60) days after Class Counsel first mails the Notice of Settlement.

13. Claimants Who Do Not Respond. All Class Members who do not respond to the settlement offered will not receive a Settlement Payment. All Class Members who do not respond to the settlement offered, in compliance with applicable law and Rule 23 will be nonetheless bound by the judgment dismissing this Action on the merits with prejudice.

14. Tolling. The claims of Class Members who affirmatively opt out of the settlement will be tolled for thirty (30) days after the Court's final order approving the settlement.

15. Joint Motion for Final Approval. Class Counsel will prepare, and Defendant will approve, a joint motion for final approval of the settlement. Class

Counsel will timely file the joint motion for final approval of the settlement, which will include the following proposed orders:

(i) an order Granting Final Approval to the Settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(ii) an order dismissing his action on the merits, with prejudice, in accordance with the terms of this Agreement;

(iii) an order approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs; and

(iv) an Order approving the service payments to the Class Representative.

16. Fairness Hearing. The Court will hold a Fairness Hearing before issuing the Final Approval Order, on: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the Class Members; (b) Plaintiff's application for attorneys' fees and reimbursement of costs; and (c) Plaintiff's motion for service payments.

17. Order for Final Approval and Final Judgment. The Order for Final Approval of Settlement and Final Judgment will:

(i) dismiss with prejudice all claims against Defendant in this Action;

(ii) declare that all Class Members (except for Class Members who affirmatively opt out) are bound by the release of claims described above;

(iii) toll the applicable statute of limitations period for Class Members who affirmatively opt out of the settlement for a period of thirty (30) days after entry of the Order; and

(iv) reserve jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' settlement and over the administration and distribution of settlement benefits.

18. Releases Required. The individual settlement payments will be distributed within ten (10) business days after the Settlement Effective Date to Class Members who have filed timely and valid claims. No individual Settlement Payments will be distributed unless and until Class Counsel has delivered to Defendant signed Claim Forms for all Class Members who accepted the settlement and did not affirmatively opt out.

19. Distributing Settlement Payment. Within ten (10) days after the Settlement Effective Date, subject to the terms of this Agreement, Defendant: (i) will provide to Class Counsel all settlement checks for the Class Members; and (ii) will pay to Class Counsel the award of attorneys' fees and costs. Class Counsel will promptly distribute the settlement checks to the individual Class Members.

20. Inquiries or Communications from Claimants. The parties agree to cooperate to resolve any post-settlement inquiries or communications from Class Members.

21. Altering Dates. Upon written agreement or with Court approval, the Parties may alter the above dates or time periods.

## E. PROMISES

1. No Admission. Nothing contained in this Agreement or in any other document related to the Settlement will be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

2. No Public Comment. The Parties and their counsel agree that they do not intend to issue any press releases announcing the Settlement. Class Counsel will not state on their website either the amount of the Settlement Payment, the terms and conditions of the Settlement, or the underlying facts leading up to the settlement. Class Counsel may state on their website that the Action was settled.

3. Taxes. The parties recognize that the individual settlement payments include sums for wages, penalties, and interest. The parties agree that fifty percent (50%) of all payments to Claimants, including the Class Representative, will be deemed to constitute wages and thus will be subject to W-2 reporting. Therefore, normal payroll taxes and withholdings will be deducted from this portion of each Claimant's individual settlement payment, pursuant to state and federal law. The remaining fifty percent (50%) will be deemed to constitute interest, penalties, and liquidated damages, and Defendant will issue to each Claimant an IRS Form 1099 for that portion of his or her payment. To receive the 1099 payment, all Claimants must submit a completed W-9 form.

4. Waiver of Appeals. The parties agree to waive all appeals and to stipulate to class certification of the Rule 23 claims but only for purposes of implementing this Settlement. Plaintiff and Class Counsel, however, reserve the right to appeal any denial or reduction in the amount of requested attorneys' fees and costs awarded by the Court.

**F. MISCELLANEOUS**

1 Authority. The signatories represent that they are fully authorized to enter into this Agreement and bind the parties to these terms and conditions.

2 Mutual Full Cooperation. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties to this Agreement will use their best

efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms set forth in it. As soon as practicable after executing this Agreement, Class Counsel will, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of the Parties' settlement.

3 No Prior Assignments. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged except as set forth in this Agreement.

4. Notices. Unless otherwise specifically provided in this Agreement, all notices, demands or other communications given will be in writing and will be deemed to have been given on the third business day after mailing by first-class U.S. mail, postage prepaid, addressed as follows:

To the Settlement Class:
Florida Legal Services, Inc.
508 Lucerne Ave.
Lake Worth, FL 33460-3819

To the Defendant:
A. Craig Cleland, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30308

5. Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the parties and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any Party or the Party's counsel participated in the drafting of this Agreement.

6. Construction of Captions and Interpretations. Paragraph titles or captions in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital, except for those defined in Section A.

7. Modification and Waiver. This Agreement may not be changed, altered, or modified except in writing and signed by the parties and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties. The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

8. Integration Clause. This Agreement contains the entire agreement between the parties relating to the Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's legal counsel, are merged in this Agreement. No rights may be waived except in writing.

9. Binding on Assigns. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

10. Class Signatories. It is agreed it is impossible or impractical to have each member of the Class who participates in the settlement to execute this Agreement. The Notice of Settlement will advise all Class Members of the binding nature of the release, and this will have the same force and effect as if this Agreement were executed by each Class Member.

11. Counterparts. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will

be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties, subject to Court approval.

Executed this 30 day of July, 2009.

On behalf of Defendant Hyatt Corporation

PAUL TANG
V.P. AND MANAGING DIRECTOR
HYATT REGENCY GRAND CYPRESS

Print name

Executed this 3rd day of August, 2009.

Counsel for Hyatt Corporation

C. Garner Sanford, Jr.
Print name

Executed this _____ day of ________, 2009.

Individually and on behalf of Plaintiff,

be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties, subject to Court approval.

Executed this _____ day of _________, 2009.

______________________________
On behalf of Defendant Hyatt Corporation

______________________________
Print name

Executed this _____ day of ________, 2009.

______________________________
Counsel for Hyatt Corporation

______________________________
Print name

Executed this 31st day of July, 2009.

______________________________
Individually and on behalf of Plaintiff,

including Class Members

Heide Escollar Dichoso
Print name

Executed this 31st day of July, 2009.

Class Counsel

Gregory S. Schell
Print name